*788 OPINION.
Smith :
The question presented is the correct interpretation of the respondent’s letter of July 17, 1936, permitting a modification of the crop basis of reporting taxable income. The respondent contends that his letter meant that for 1936 and subsequent years the petitioners were not to deduct from. gross income under the new accounting system any indirect expenses except those which were incurred during the taxable year. The petitioners, on the other hand, contend that the conditions of the letter did not require them to exclude from the deductions of 1936 the indirect expenses incurred and paid in years prior to 1936 in connection with the production of sugar which they had on hand at December 31, 1935.' They were not able to sell that sugar in 1935 by reason of the quota provisions of the Agricultural Adjustment Act.
The argument of the petitioners is that this sugar was not a part of the “crops in process” referred to in the respondent’s letter of July 17, 1936. They point out that this sugar on hand was inventoried in their accounts and in their returns for 1935 not at market, but at cost of production, including indirect expenses properly allocable to the sugar; and contend that in computing profits from the sale of that sugar in 1936 they should use as a basis the same inventory value as was shown by their books of account at December 31,1936.
*789 In this connection it should be noted that the treatment ox the carry-over sugar by the petitioners in 1935 had the effect of leaving the account for such sugar in suspense; in other words, the sugar was inventoried exactly at the cost of production, including the indirect expenses. No gain or loss on the sugar was reflected in the accounting for 1935. The accounting for profit or loss in respect of that sugar was deferred to 1936, the year in which it was sold.
It seems to us clear that the condition upon which the petitioners were permitted to modify their system of accounting and reporting was that for the year 1936 the petitioners should not receive the benefit of the deduction of any of the indirect expenses allocable to the sugar sold in 1936, except, of course, the total indirect expenses incurred in 1936. The pertinent language of the letter of July 17, 1936, bearing upon this point is the proviso that “the taxpayers express their willingness to exclude from deductions for the year of change and subsequent years the indirect charges which have been deferred under the method of allocating such costs to crops in process.” The indirect expenses pertaining to the sugar on hand at December 31, 1935, was in the case of the Kahuku Plantation Co. $23,904.07 and in the case of the McBryde Sugar Co., Ltd., $17,909.49. We think that these indirect expenses must be excluded from the deductions of 1936 as well as the other indirect expenses which had been charged on the books of account to the 1936 and 1937 crops which were charged off to profit and loss in 1936 in compliance with the condition of the permission to change.
The petitioners complain that under this construction of the respondent’s letter they will never be allowed to deduct the indirect expenses pertaining to the carry-over sugar. The respondent admits that this is so but insists that it was a condition of the grant of the permission for the petitioners to change their accounting method.
The petitioners admit that under the condition of the grant they forever lose the right to deduct the indirect expenses which had been incurred and paid in years prior to 1936 which they had charged to the 1936 and 1937 crops, the amounts being $175,616.49 in the case of the Kahuku Plantation Co. and $269,792.28 in the case of the McBryde Sugar Co., Ltd. We can see no good reason why the indirect expenses allocable to the carry-over sugar should not be given the same treatment. It seems to us that a fair interpretation of the respondent’s letter requires such a conclusion.
The respondent’s action upon the point involved is approved.
Decisions will he entered under Rule 50.